THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GS HOLISTIC, LLC,                          :

           Plaintiff,                 :

                               Case No. 1:23-cv-672

    v.                             :

MR VAPOR KEMPER LLC, d/b/a                        Judge Walter H. Rice
MR. VAPOR SMOKE SHOP, *et*       :      Mag. Judge Michael R. Merz
*al.*,

          Defendants.

---

ORDER SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT OF
PLAINTIFF GS HOLISTIC, LLC (DOC. #21); JUDGMENT SHALL ULTIMATELY
ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS MR VAPOR
KEMPER LLC, d/b/a MR. VAPOR SMOKE SHOP, AND ODAI SHABEEB ON THE
ISSUE OF THE VALIDITY AND OWNERSHIP OF TRADEMARK NOS. 6,174,291,
6,174,292, AND 6,633,884; DEFENDANTS SHALL ANSWER, MOVE, OR
OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT (DOC. #1) WITHIN
FOURTEEN (14) DAYS OF ENTRY

---

        This case is before the Court on the Motion for Partial Summary Judgment

of Plaintiff GS Holistic, LLC. (Doc. #21) On October 18, 2023, Plaintiff filed its

Complaint against Defendants Mr Vapor Kemper LLC, d/b/a Mr. Vapor Smoke

Shop, and Odai Shabeeb. (Doc. #1). Defendants were served on or about

December 19, 2023. (Affidavits of Service, Doc. #5, PAGEID 31; Doc. #5-1, PAGEID

33). On April 11, 2025, the Court ordered Plaintiff to move for partial summary

judgment against Defendants as to the validity and ownership of United States

Patent and Trademark Office ("USPTO") Registration Nos. 6,174, 291; 6,174,292; and 6,663, 884 ("Stundenglass Marks"); if Plaintiff failed to do so, then the case would proceed to trial. (Order, Doc. #18, PAGEID 112-13). On May 9, 2025, Plaintiff filed its Motion. (Doc. #21). Defendants filed a memorandum *contra* (Doc. #23), and Plaintiff filed a reply memorandum. (Doc. #24). The matter is ripe for decision.

## I.   Legal Standards

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not

2

sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however,

the court may also consider other properly presented materials in the record.

FED.R.CIV.P. 56(c)(3).

## II.  Analysis

In its Motion, Plaintiff presents substantial, valid, and undisputed evidence

that the Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 are valid,

active, and assigned to Plaintiff.  Specifically, Plaintiff has attached true and

accurate copies of the Stundenglass Marks registration with the USPTO. (C.

Folkerts Decl. 1, Doc. #21-1, PAGEID 126, ¶ 7, citing Marks, Doc. #21-2, PAGEID

130-35).

> Receipt of a registered trademark automatically invokes a statutory
> presumption that the trademark is valid.  The statutory presumption
> shifts the burden of proof to the party challenging the validity of the
> mark.  Furthermore, the District Court may not overrule the decision
> of registerability of the Patent and Trademark Office (PTO) unless the
> party challenging the mark argues persuasively that the mark was
> ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593

(6th Cir. 1989) (internal citations omitted).

In their memorandum *contra*, "Defendants do not challenge the validity of

Plaintiff's asserted trademarks, nor Plaintiff's ownership of the asserted

trademarks, which are the only issues presented in Plaintiff's pending motion."

(Doc. #23, PAGEID 138).  As there is no dispute, much less a material one, over

ownership or validity of the Stundenglass Marks, Plaintiff's Motion for Partial

Summary Judgment (Doc. #21) is SUSTAINED.  Judgment shall ultimately enter

in favor of Plaintiff and against Defendants that Stundenglass Marks Nos.

6,174,291; 6,174,292; and 6,633,884 have been continuously valid, active, and assigned to Plaintiff.

The captioned case shall be set for trial on the issues of liability and damages.[1] To that end, Defendants shall answer, move, or otherwise respond to Plaintiff's Complaint (Doc. #1) within fourteen (14) days of entry.


IT IS SO ORDERED.

August 28, 2025

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendants also "request a status conference and/or settlement conference to address Plaintiff's damages claim and to efficiently bring this litigation to a conclusion." (Doc. #23, PAGEID 138). The Court will convene a status conference to set a litigation schedule.